UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDELL HECTOR,<br><br>Plaintiff,<br><br>v.<br><br>188 TRIBECA, LLC d/b/a NILI LOTAN, and<br>NILI LOTAN, INC.,<br><br>Defendants. | Case No. 1:26-cv-886-SHS<br><br><br>**STIPULATED PROTECTIVE ORDER** |

HON. SIDNEY H. STEIN, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court recognizing that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1.     Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.     The person producing or disclosing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a)     financial information not previously disclosed to the general public, other than

1

through unauthorized disclosure;

(b)    material relating to ownership or control of any non-public company not previously disclosed to the general public, other than through unauthorized disclosure;

(c)    business or marketing plans or proprietary business information or communications not previously disclosed to the general public, other than through unauthorized disclosure;

(d)    trade secrets or sensitive business information not previously disclosed to the general public, other than through unauthorized disclosure;

(e)    any information of a personal or intimate nature regarding any individual, including without limitation medical or personnel records;

(f)    information for which applicable law requires confidential treatment; or

(g)    any other category of information given confidential status by the Court.

3.    With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter, or the producing person or that person's counsel may notify the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the producing person

2

or that person's counsel. During the 30-day period following a deposition, all parties will treat the entire deposition transcript as if it had been designated "Confidential" in the first instance.

4.    If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5.    No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)    the parties to this action;

(b)    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)    any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)    stenographers engaged to transcribe depositions conducted in this action;

(g)    outside vendors or service providers, including without limitation, independent

3

photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(h)     any mediator or arbitrator that the parties engage in this matter or that the Court appoints; and

(i)     the Court, including any appellate court, and its support personnel.

6.     Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d), 5(e), or 5(h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7.     All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in accordance with the Sealed Records Filing Instructions of this Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

8.     Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary

4

circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will request a joint telephone call with the Court to obtain a ruling.

9.      Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action.

13.     Nothing contained in this Order will be construed as (a) a waiver by a party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony or other evidence. Furthermore, information deemed confidential pursuant to this Order does not make it confidential for any other purpose and a party's designation of material as confidential or a party's decision not to object to a confidentiality designation pursuant to this Order does not

5

constitute an admission that the information is confidential under the law, any applicable employment agreements or policies, or otherwise.

14.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days of learning of the inadvertent disclosure, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15.    Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16.    The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production so long as the producing person acted diligently.

17.    The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18.    Nothing in this Order will prevent any party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such party gives written notice to the person who produced the Confidential Discovery Material pursuant to this Order as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will bear the burden to oppose compliance with the subpoena, other compulsory process,

6

or other legal notice if the producing person deems it appropriate to do so.

19.    This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding this provision, the attorneys that the parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

20.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**[INTENTIONALLY LEFT BLANK – SIGNATURES APPEAR ON FOLLOWING PAGE]**

SO STIPULATED AND AGREED.


**MESIDOR PLLC**

By: _/s/ Katlyn Palmatier_
 Katlyn Palmatier, Esq.
 110 E 25th St
 New York, NY 10010
 *Attorneys for Plaintiff*

 Dated: May 6, 2026


**GORDON & REES LLP**

By: _/s/ Michael S. Hanan_
 Michael S. Hanan
 Mallory J. Benner
 One Battery Park Plaza, 28th Floor
 New York, NY 10004
 P: (212) 269-5500
 mhanan@gordonrees.com
 mbenner@gordonrees.com
 *Attorneys for Defendant*

 Dated: May 6, 2026


Dated: New York, New York
 May 6, 2026

*This protective order may be amended for good cause shown.*

**SO ORDERED.**

_____
 Sidney H. Stein, U.S.D.J.

8

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ANDELL HECTOR,

                Plaintiff,

v.

188 TRIBECA, LLC d/b/a NILI LOTAN, and
NILI LOTAN, INC.,

                Defendants.

Case No. 1:26-cv-886-SHS

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____ Name:_____

                                Signature:_____